# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER BUEHLER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 18−cv–1293−NJR |
| KAREN JAIMET, CHARLES HECK, and CAROL MCBRIDE, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Christopher Buehler, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief, including a preliminary injunction, and compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff received a disciplinary report on May 6, 2018. (Doc. 1, p. 5). Prior to his hearing, Plaintiff submitted witness requests to Heck and McBride. *Id*. The hearing was held on May 17, 2018. *Id*. Heck and McBride refused to interview Plaintiff's witnesses or grant him an extension of time and falsely recorded that Plaintiff had not requested any witnesses. *Id*. Plaintiff was punished with 1 year segregation, 1 year commissary restriction, loss of 1 year good time credit, 6 month contact visit restrictions, a disciplinary transfer, and 1 year C-grade status. (Doc. 1, pp. 6, 13). Plaintiff sent a request to Jaimet regarding the violations of his rights, but she did not respond. (Doc. 1, p. 6). Plaintiff requests an injunction, release from segregation, declarative relief, and compensation. (Doc. 1, p. 7).

## Discussion

It is well-settled that a court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v.*

*Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010. Upon careful review of the complaint in this case, it is clear that this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* states that a prisoner cannot maintain a civil rights suit if a judgment in his favor would necessarily imply that his conviction was invalid. 512 U.S. at 487. A prison disciplinary finding is a conviction for purposes of *Heck* where a prisoner loses good time credit as a result of the proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). The principle is based on collateral estoppel: an issue determined with finality cannot be re-litigated in a subsequent case. *Moore*, 652 F.3d at 723. A prisoner who challenges an essential finding of a disciplinary proceeding must see his case dismissed. *Id.*; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff alleges that he lost good time credit, thus triggering the application of *Heck*. Further, his allegations go to an essential finding of the proceedings. Plaintiff's allegation in this lawsuit is that he should have been permitted to call witnesses or delay the hearing. A finding that the defendants violated Plaintiff's rights by the manner in which they conducted the disciplinary proceedings would necessarily imply the invalidity of those proceedings. *See Edwards*, 520 U.S. at 647 (*Heck* barred prisoner's claim that prison disciplinary committee refused to allow him to call witnesses); *Elcock v. Whitecotton*, 434 F. App'x 541, 543 (7th Cir. 2011) (prisoner could not challenge prosecution of disciplinary proceedings because such a claim was barred by *Heck*). Plaintiff's challenges go to an essential element of the disciplinary proceedings. Therefore Plaintiff's claims regarding the discipline are barred by *Heck v. Humphrey*, and he cannot bring them in an action until his good time credit is restored.

Plaintiff has used the Court's standard civil rights complaint form, requested compensation, and named defendants against whom only monetary damages are available. Although Plaintiff did not specifically say which statute he is proceeding under, the Court presumes that he intended to invoke 42 U.S.C. § 1983 based on the form complaint and the request for damages from non-custodial defendants. To the extent that Plaintiff's Complaint is requesting that this Court review the prison disciplinary proceedings, overturn the discipline, and order Plaintiff's good time credit restored, that claim is not cognizable under Section 1983. Plaintiff must bring a habeas corpus proceeding. *Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Although the Court must interpret *pro se* filings liberally, district courts are cautioned against a blanket policy of re-characterizing lawsuits. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have re-characterized declaratory judgment action as petition for habeas corpus). Different statutes have different requirements, and courts may unintentionally prejudice a plaintiff if they invoke a statute that a plaintiff is not eligible to use. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (warning and describing the various

pitfalls of re-characterizing a lawsuit in a post PLRA and AEDPA landscape). As Plaintiff has named defendants other than the warden in this action and requested damages, the Court believes that Plaintiff intended to proceed at least partially under Section 1983 and declines to re-characterize the entire suit as a habeas corpus petition so as to reach Plaintiff's request for equitable relief. If Plaintiff wishes to proceed on his request for restoration of good time credit, he should proceed in a habeas corpus proceeding.

This action will be **DISMISSED without prejudice** as barred by *Heck*. Should Plaintiff wish to proceed on his claims, he must first seek restoration of his good time credit. If Plaintiff's good time credit is restored, he may then file a new Section 1983 suit raising these claims. To the extent that Plaintiff is requesting that his Court restore his good time credit, however, he must pursue that relief in a habeas corpus proceeding.

## Pending Motions

Plaintiff's Motion for Leave to Proceed IFP will be addressed by separate order. (Doc. 2). Plaintiff's request for a preliminary injunction is denied as moot, as this action is barred by *Heck v. Humphrey*, and Plaintiff's request for injunctive relief implicates certain habeas corpus statutes, not 42 U.S.C. § 1983. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** as barred by *Heck v. Humphrey*. Plaintiff may file a new action if and when his good time credits are restored. Plaintiff's request for injunctive relief is **DENIED as moot**. (Doc. 3). This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave

to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 19, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**